**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **S.R., J.R., and K.R.,**

**No. 22-0462** (Preston County 21-JA-50, 21-JA-51, and 21-JA-52)

**MEMORANDUM DECISION**

Petitioner Mother S.J.[1] appeals the Circuit Court of Preston County's April 27, 2022, order terminating her parental rights to S.R., J.R., and K.R.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In May of 2021, the DHHR filed a petition alleging that then-ten-year-old S.R. nearly overdosed on methamphetamine and amphetamine while in petitioner's care and that the petitioner failed to adequately supervise the children. The DHHR further alleged that petitioner's abuse of controlled substances negatively impacted her ability to parent; that petitioner exposed the children to unsafe and filthy living conditions; and that the children exhibited extreme hygienic and medical neglect.

Petitioner stipulated to the allegations in the petition at an adjudicatory hearing in October of 2021, and the circuit court adjudicated her as an abusing parent. The court granted petitioner a post-adjudicatory improvement period over the objection of the guardian who noted that petitioner failed to appear for her hair follicle drug screen that same month.[3] Petitioner also failed to appear for her rescheduled hair follicle drug screen, as well as her psychological evaluation, later scheduled in December of 2021.

---

[1]Petitioner appears by counsel Michael D. Safcsak. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Hilary M. Bright appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]The court's October 26, 2021, adjudicatory order outlined the terms of petitioner's improvement period to include supervised visitations, random drug screening, submitting to a psychological evaluation, and attending all multidisciplinary team ("MDT") meetings.

On January 4, 2022, petitioner failed to appear for a status hearing for her post-adjudicatory improvement period. The circuit court noted in its January 13, 2022, order that petitioner contacted her counsel on December 31, 2021, and stated that she missed her previously-scheduled psychological evaluation due to lack of transportation. No explanation was noted for petitioner's failure to appear for the January 4, 2022, status hearing. Also on January 12, 2022, petitioner failed to appear at an adjudicatory hearing for one the children's fathers, for which her testimony was required. Petitioner's counsel stated that he had not communicated with petitioner since December of 2021. In January of 2022, the DHHR and guardian moved to terminate petitioner's improvement period based on her noncompliance with its terms.

The circuit court held a final dispositional hearing in March of 2022, but petitioner failed to appear. Petitioner's counsel appeared and moved to continue the hearing, stating that although his client had adequate notice of the hearing, she informed him ten minutes prior to the hearing that she lacked transportation. The guardian objected to the continuance, arguing that petitioner had missed prior hearings. The circuit court denied petitioner's motion for a continuance. The DHHR presented evidence that petitioner had not addressed the conditions of abuse that led to the filing of the instant petition, namely drug abuse and lack of stable housing. The DHHR worker testified that petitioner had not complied with drug screening, participated in multidisciplinary team meetings, visited the children, financially supported the children, nor kept in contact with the DHHR worker or providers. Petitioner also had not provided the worker with her current address and missed her scheduled psychological evaluation.

Ultimately, the circuit court concluded that petitioner had not substantially complied with the terms and conditions of her improvement period. The court found that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future and that termination was necessary for the children's welfare. Based upon these findings, the court terminated petitioner's parental rights by its April 27, 2022, order, which petitioner now appeals.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Petitioner first argues that the circuit court erred in denying her motion to continue the dispositional hearing to allow petitioner to appear. This Court has held that "[a] motion for continuance is addressed to the sound discretion of the trial court, and its ruling will not be disturbed on appeal unless there is a showing that there has been an abuse of discretion." Syl. Pt. 2, *State v. Bush*, 163 W. Va. 168, 255 S.E.2d 539 (1979). Additionally, this Court has held that an "appellant must carry the burden of showing error in the judgment of which he complains" and that the Court "will not reverse the judgment of a trial court unless error affirmatively appears from the record." Syl. Pt. 4, *State v. Myers*, 229 W. Va. 238, 728 S.E.2d 112 (2012) (citations omitted). Further, "[e]rror will not be presumed, all presumptions being in favor of the correctness

---

[4]J.R.'s and K.R.'s father's parental rights were terminated, and he did not appeal that termination. Their permanency plan is adoption by their foster family. S.R.'s father voluntarily relinquished his parental rights, and S.R.'s permanency plan is adoption by her foster family.

of the judgment." *Id.* Here, petitioner has failed to demonstrate any error in the proceedings below. She informed her counsel just ten minutes prior to the hearing that she allegedly lacked transportation. As the court found, and indeed petitioner concedes on appeal, petitioner had proper notice of the hearing and ample time to secure reliable transportation to the hearing. Furthermore, petitioner had a pattern of missing hearings and appointments due to an alleged lack of transportation yet failed to stay in contact with the DHHR to address this need. Considering that petitioner had ample notice of the final dispositional hearing and resources available to her for transportation via the DHHR but did not alert counsel until ten minutes before the hearing began, we do not find that the circuit court abused its discretion in denying petitioner's motion for a continuance.

Next, petitioner alleges that the DHHR failed to make reasonable efforts toward reunification because it failed to file a case plan. Petitioner is correct that the DHHR was required to file a case plan after she was granted an improvement period. *See* Syl. Pt. 4, in part, *State ex rel. W.Va. Dep't of Hum. Servs. v. Cheryl M.*, 177 W. Va. 688, 356 S.E.2d 181 (1987) ("[W]hen an improvement period is authorized, then the court by order shall require the [DHHR] to prepare a family case plan[.]"). However, petitioner ignores her lack of participation in developing her case plan, as she failed to attend any of the MDT meetings or otherwise participate in the development of the case plan. *See* W. Va. Code § 49-4-408(b) ("The [DHHR] shall convene a multidisciplinary treatment team, which shall develop the case plan. Parents . . . shall participate fully in the development of the case plan."). The record also shows that petitioner failed to attend her psychological evaluation, which could have assisted in assessing her mental health and in providing treatment, as well as recommending drug addiction treatment. Finally, petitioner was ordered to submit to drug screens and participate in supervised visitations yet failed to do so. Petitioner failed to stay in contact with the DHHR and did not provide her address. Although petitioner was granted an improvement period, she bore the burden of completing the above terms of the improvement period. *See* W. Va. Code § 49-4-610(4)(A), in part, ("[T]he respondent shall be responsible for the initiation and completion of all terms of the improvement period."). Accordingly, we find petitioner's argument without merit.

Finally, petitioner argues that the circuit court erred in terminating her parental rights. However, the circuit court's finding that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future was based on petitioner's failure to complete the terms of her improvement period. *See* W. Va. Code § 49-4-604(d)(3) (providing that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child."); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that the conditions of neglect or abuse can be substantially corrected"). Upon reviewing the record, the Court finds no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 27, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: February 7, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

4